UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

IN RE:

JERRY A. ZIEGLER                                                                                  CASE NO. 12-50915

DEBTOR

JERRY A. ZIEGLER                                                                                  PLAINTIFF

V.                                                                                                ADV. CASE NO. 12-5041

DEUTSCHE BANK NATIONAL TRUST                                                                      DEFENDANT
COMPANY, AS TRUSTEE FOR THE
CERTIFICATE HOLDERS OF THE FIRST
FRANKLIN MORTGAGE LOAN TRUST
2006-FF13, MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2006-FF-13 BY
AND THROUGH ITS SERVICER, BANK OF
AMERICA, NA

**MEMORANDUM OPINION**

This matter is before the Court on a Motion to Dismiss [Doc. 6] by the Defendant Deutsche Bank National Trust Company, as Trustee for the Certificate Holders of the First Franklin Mortgage Loan Trust, 2006-FF13 Mortgage Pass-Through Certificates, Series 2006 FF-13 by and through its Servicer, Bank of America, National Association (the "Defendant"). The Plaintiff Debtor Jerry A. Ziegler filed this adversary proceeding seeking a declaratory judgment that the Plaintiff's mortgage payment is permanently modified by an agreement between the Plaintiff and the Defendant's predecessor, First Franklin, upon which the Plaintiff relied to his detriment. The Defendant moves to dismiss the Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) (made applicable to this proceeding by Fed. R. Bankr. P. 7012) on two grounds: (1) the alleged agreement is unenforceable because it fails to satisfy Kentucky's statute of frauds, K.R.S. §371.010; and (2) the Plaintiff has failed to allege facts sufficient to

1

support an allegation of estoppel as an equitable exception to the requirements of the statute of frauds. The Court finds that the Defendant's arguments are well-founded and shall grant the Defendant's Motion.

## Facts

The Plaintiff filed for Chapter 13 relief on September 4, 2012. On Schedule A, the Plaintiff lists a one-half interest in a house and lot located at 2017 Twain Ridge Drive, Lexington, Kentucky (the "Real Property") with a value of $180,000.00. On Schedule D, the Plaintiff lists the Defendant as a secured creditor with a claim on the Real Property in the amount of $152,486.00.

Concurrent with the filing of his petition, the Plaintiff filed his Chapter 13 Plan [Doc. 2] (the "Plan"). In his Plan, the Plaintiff proposes to cure a disputed $20,000.00 arrearage owed to the Defendant through the Plan *pro rata* and to pay regular monthly mortgage payments outside the Plan.

On April 27, 2012, the Defendant objected [Doc. 12] to confirmation of the Plaintiff's proposed Plan, arguing that the Plan fails to comply with 11 U.S.C. §1322(b)(5) because it does not provide for sufficient payment to cure the Plaintiff's arrearage within a "reasonable time."

Shortly thereafter, on May 16, 2012, the Defendant filed a proof of claim (POC # 4-1) (the "Claim") asserting a secured claim of $192,675.07, including $152,486.53 in principal, $29,834.80 in interest, and $5,147.38 in pre-petition costs and fees.[1] Attached to the Claim is a copy of an adjustable rate note dated June 30, 2006, endorsed in blank, wherein First Franklin loaned $153,000.00 to the Plaintiff in exchange for a security interest in the Real Property and monthly payments to satisfy the debt at an adjustable interest rate of no less than 9.75% and no greater than 12.75% (the "Note"). Pursuant to the terms of the Note, the Plaintiff's initial

---

[1] The Claim was later amended (POC # 4-2) on August 30, 2012 to provide notice of $425.00 of postpetition mortgage fees, expenses and charges.

2

monthly payment amount was set at $1,252.88 subject to interest rate changes and unpaid principal.  Also attached to the Claim is a copy of the properly recorded mortgage encumbering the Plaintiff's Real Property to secure the Note (the "Mortgage") and a properly recorded assignment of the Mortgage to the Defendant.  No other written documentation is included with the Claim with the exception of certain prepayment and balloon note addenda attached to the Note and Mortgage (collectively the "Loan").

Following a continuation of the confirmation hearing, the Plaintiff filed this adversary proceeding and a response [Doc. 34] to the objection arguing that the mortgage payment owed to the Defendant was permanently modified by the Defendant's predecessor and the arrearage in the Defendant's proof of claim is based on a mortgage payment that is higher than the modified payment.  The Plaintiff requested the Court hold the confirmation hearing on the Plaintiff's Plan in abeyance pending resolution of the adversary proceeding.  The Court subsequently continued the hearing [Doc. 37].

In his Complaint, the Plaintiff alleges that the Defendant is the assignee of the Note secured by the Mortgage on the Real Estate.  According to the Plaintiff's allegations, on or about September 2010, "First Franklin modified the mortgage secured by the real estate located at 2017 Twain Ridge Dr., Lexington, Kentucky and changed the debtor's mortgage payment to $997.00 per month."  The Plaintiff avers that "First Franklin made a promise to the plaintiff that the subject loan was permanently modified" and "First Franklin should have reasonably expected that is promise…would induce the plaintiff to make the modified payments."  The Plaintiff further alleges that he detrimentally relied on this promise and made several modified mortgage payments.  Based on this promissory estoppel theory, the Complaint seeks a declaratory judgment that the Defendant, as the assignee of First Franklin's interest, "is bound by the terms of the First Franklin modification agreement."  No documentation supporting the alleged modification is attached to the Complaint or filed in the record.

The Defendant subsequently filed a Motion to Dismiss [Doc. 6] the Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. The Defendant argues the Complaint should be dismissed because the alleged agreement is oral and unenforceable pursuant to the Kentucky statute of frauds, K.R.S. §371.010, and the Plaintiff fails to allege facts sufficient to support his estoppel claim. The Plaintiff responds [Doc. 10] by arguing that the statute of frauds is not applicable to the agreement and the Complaint sufficiently pleads a cause of action for promissory estoppel. The Defendant subsequently filed a reply [Doc. 11] and the Court held a hearing on the matter on November 1, 2012 [Doc. 12].

At the hearing, the Defendant raised for the first time an argument that a theory of promissory estoppel cannot defeat the requirements of the statute of frauds. The parties requested additional time to brief the issue and the Court granted the Defendant an additional 7 days to supplement his reply and the Plaintiff another 7 days to respond.

On November 8, 2012, the Defendant filed a supplemental brief [Doc. 14] containing additional case law in support of its argument that the doctrine of promissory estoppel cannot defeat the statute of frauds. *See, e.g., Farmers Bank & Trust Co. v. Willmott Hardwoods, Inc.*, 171 S.W.3d 4, 10 (Ky. 2005); *Sawyer v. Mills*, 295 S.W.3d 79, 80 (Ky. 2009); *Equiventure, LLC v. Wheat*, Case No. 5:09-CV-93, 2012 U.S. Dist. LEXIS 79769, *23-24 (W.D. Ky. June 8, 2012). The Plaintiff also filed a supplemental response [Doc. 15] and argues that estoppel is an exception to the statute of frauds under Kentucky law. *See Smith v. Williams*, Case No. 2010-SC-000332-DG, 2012 WL 2362336, *3-4 (Ky. June 21, 2012). The matter was submitted and is now ripe for determination.

## Discussion

The Court has jurisdiction pursuant to 28 U.S.C. §1334. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(B) and (L). Venue is proper pursuant to 28 U.S.C. §1409.

For a complaint to survive a motion to dismiss, the complaint must have enough factual matter to "raise the right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While "detailed factual allegations" are not necessary, "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  In reviewing a complaint, this Court must accept well-pleaded factual allegations as true, but the Court is not "bound to accept as true legal conclusions couched as a factual allegation." *Id.* at 1949-50 (quoting *Twombly,* 550 U.S. at 555).

Even assuming the Plaintiff's allegations that First Franklin promised to permanently modify the Plaintiff's mortgage payment are true, the Plaintiff cannot prevail because the statute of frauds requires a written modification of the payment terms, signed by the Defendant, and the Plaintiff has failed to allege facts sufficient to satisfy this requirement.  First Franklin's original contract to lend money to the Plaintiff, i.e. the Note, falls within the coverage of subsection (9) of the statute of frauds, or K.R.S. §371.010.  Pursuant to K.R.S. §371.010(9), no action shall be brought to charge any person:

> Upon any promise, contract, agreement, undertaking or commitment to loan money, to grant, extend or renew credit, or make any financial accommodation to establish or assist a business enterprise or an existing business enterprise including, but not limited to the purchase of realty or real property…unless the promise, contract, agreement, representation, assurance, or ratification, or some memorandum or note thereof, be in writing and signed by the party to be charged therewith, or by his authorized agent.

The Note requires that the Plaintiff make a monthly payment of $1,252.88 subject to interest rate changes and unpaid principal in order to satisfy the debt.  The Plaintiff alleges that First Franklin agreed to permanently modify the consideration for the Loan by reducing the payment to $997.00 per month.  The consideration for the Loan is a material term of the contract and because the original contract is subject to the requirements of the statute of frauds, any modification of material terms in the contract must be in writing and signed by the party to be

5

charged therewith. *See Farmers Bank and Trust Company of Georgetown, Kentucky v. Willmott Hardwoods, Inc.*, 171 S.W.3d 4, 8 (Ky. 2005) (*citing Murray v. Boyd*, 165 Ky. 625, 177 S.W. 468, 471-72 (1915)). The Plaintiff does not allege that the modification is in writing nor does the record contain any documentation in support of his allegations. Thus, the Plaintiff fails to allege facts sufficient to support an enforceable modification of the payment terms of the Loan.

Perhaps realizing that the alleged modification of the payment terms is unenforceable under the statute of frauds, the Plaintiff's only count in his Complaint seeks equitable relief under a theory of promissory estoppel. As a cause of action, promissory estoppel requires a promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance to the promisee's detriment. *See Sawyer v. Mills*, 295 S.W.3d 79, (Ky. 2009) (*citing Meade Constr. Co. v. Mansfield Commercial Elec., Inc.*, 579 S.W.2d 105, 106 (Ky. 1979)). It is binding if injustice can be avoided only by enforcement of the promise. *Id.* The Plaintiff cannot prevail under this theory as his allegations do not support an estoppel argument sufficient to overcome the statute of frauds. The Kentucky Supreme Court has clearly stated that promissory estoppel cannot defeat the statute of frauds:

> While this Court has stated that "the statute of frauds is not a bar to a fraud or promissory estoppel claim based on an oral promise of indefinite employment," *United Parcel Service Co. v. Rickert*, 996 S.W.2d 464, 471 (Ky.1999), the statement was only dicta, as the decision turned on equitable estoppel (i.e., a claim of fraud). More recently this Court stated that it is "incorrect[ ][to] infer[ ] from *Rickert* that detrimental reliance is a bar to the statute of frauds. All that may be deduced from *Rickert* concerning the statute of frauds is that in a fraud or promissory estoppel action involving a promise of employment, it does not act as a bar." *Farmers Bank and Trust Co. of Georgetown, Kentucky v. Willmott Hardwoods, Inc.*, 171 S.W.3d 4, 10 (Ky.2005); *see also Architectural Metal Systems, Inc. v. Consolidated Systems, Inc.*, 58 F.3d 1227, 1231 (7th Cir.1995) (Posner, J.) ("[T]he statute of frauds is applicable to a promise claimed to be enforceable by virtue of the doctrine of promissory estoppel." (*citing First National Bank v. McBride*, 267 Ill.App.3d 367, 204 Ill. Dec. 676, 642 N.E.2d

6

> 138, 142 (1994); *Dickens v. Quincy College Corp.*, 245 Ill.App.3d 1055, 185 Ill. Dec. 822, 615 N.E.2d 381, 386 (1993), and relying on Illinois law)). *Willmott Hardwoods, Inc.* then went on to hold that except in the most extreme circumstances, even equitable estoppel (which involves fraud) cannot defeat the statute of frauds, "lest the Court run afoul of judicially amending the statute in violation of separation of powers." *Id.*

*Id.* at 90. Other federal courts, interpreting Kentucky law, have concluded the same. *See, e.g., Equiventure, LLC v. Wheat*, Case No. 5:09-CV-93, 2012 U.S. Dist. LEXIS 79769, *23-24 (W.D. Ky. June 8, 2012).

The Plaintiff cites to recent Kentucky case law as contrary to this position. The Plaintiff relies on *Smith v. Williams*, Case No. 2010-SC-000332-DG, 2012 WL 2362336, *3-4 (Ky. June 21, 2012). The *Smith* case does not support the Plaintiff's position because the theory advanced therein is based on equitable estoppel, which requires proof of a fraudulent misrepresentation as to a material fact, *see Sawyer*, *supra*, as opposed to a theory of promissory estoppel. The Plaintiff makes no allegations of fraud in his Complaint to support an equitable estoppel theory. The Complaint fails as a matter of law.

## Conclusion

The Plaintiff has failed to state a claim upon which relief can be granted. For this reason, the Defendant's Motion to Dismiss [Doc. 6] is GRANTED and the Plaintiff's Complaint shall be DISMISSED. A separate order shall be entered accordingly.

Copies To:

J.D. Kermode, Esq.
Nathan L. Swehla, Esq.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
*The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.*



**Signed By:**
*Tracey N. Wise*
**Bankruptcy Judge
Dated: Friday, January 04, 2013
(tnw)**